## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHRISTOPHER FLETCHER**                                                    **PETITIONER**

**V.**                              **NO. 4:21-CV-00515-BSM-ERE**

**DEXTER PAYNE, Director**
**Arkansas Division of Correction**                                    **RESPONDENT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.    Background

Christopher Fletcher, an inmate at the Varner Unit of the Arkansas Division of Correction, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. *Doc. 1*. Before addressing Mr. Fletcher's claims, the Court will review the procedural history of the case in state court.

On March 28, 2017, a Jefferson County jury found Mr. Fletcher guilty of capital murder and use of a firearm in the commission of the crime. *Fletcher v. State*,

2018 Ark. 261, at 1, 555 S.W.3d 858, 860 (2018). He received a life sentence, without the possibility of parole, and an additional fifteen years for the use of a firearm. *Id*.

At trial, the evidence showed that the morning of April 13, 2015, Mr. Fletcher shot Laronda McElroy three times, in front of her three children, two of whom were his. *Id*., 2018 Ark. 261, at 2. Ms. McElroy was sitting in a car in front of her home, preparing to drive the children to school, when Mr. Fletcher approached and pointed a gun at her. Ms. McElroy exited the car and ran. Mr. Fletcher pursued Ms. McElroy, and shot her the leg, neck, and head; then he fled the scene.[1] *Id.*, 2018 Ark. 261, at 3. Emergency medical personnel arrived and transported Ms. McElroy to a hospital, where she died. *Id*.

Mr. Fletcher's appellate counsel filed a no-merits brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, outlining each of the trial court's adverse rulings and explaining why none presented a ground for reversal. *Id*., 2018 Ark. 261, at 4. Mr. Fletcher filed a *pro se* brief, disputing points made in the no-merits brief and asserting the following points: (1) the trial court committed reversible error in denying a directed

---

[1] The children who witnessed the shooting testified at Mr. Fletcher's trial. The first child witness, five years old at the time of the trial, testified to what he observed two years earlier: "When my momma was running, my daddy shot her in the leg.  And he walked up on my momma and shot her in the head." *Doc. 10-10 at 400*.

2

verdict because the State failed to prove premeditation and deliberation, *Id.*, 2018 Ark. 261, at 4; (2) the sentence imposed was illegal because the State failed to prove premeditation and deliberation, *Id.*; (3) the trial court committed reversible error by allowing testimony from two witnesses and admitting another witness's drawing into evidence, *Id.*, 2018 Ark. 261 at 7; and (4) Mr. Fletcher's appellate attorney provided ineffective assistance of counsel. *Id.*, 2018 Ark. 261, at 8.

In a September 20, 2018 opinion, the Arkansas Supreme Court granted appellate attorney's motion to withdraw, considered Mr. Fletcher's *pro se* submission, and affirmed Mr. Fletcher's conviction. *Id.*, 2018 Ark. 261. On October 9, 2018, the Arkansas Supreme Court issued its mandate affirming Mr. Fletcher's conviction. *Doc. 10-5.*

Mr. Fletcher *did not* petition the United States Supreme Court for a writ of certiorari.

On November 28, 2018, Mr. Fletcher filed two motions in the Jefferson County Circuit Court: (1) a motion for a transcript to "prepare for . . . a Rule 37 petition" (*Doc. 10-6*); and (2) a motion requesting an extension of time to file a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Civil Procedure. *Doc.10-7.*

On January 16, 2019, Mr. Fletcher filed a third motion with the trial court, requesting a ruling on his previously-filed motions for a transcript and an extension

of time to file a Rule 37 petition. *Doc. 1-8*. On January 30, 2019, the trial court

declined the extension of time, stating: "When an appeal is taken from a conviction,

the petition for Rule 37 relief must be filed within sixty (60) days of the issuance of

the Mandate. There is no provision permitting the Court to grant an extension." *Doc.*

*10-9*.

Mr. Fletcher *did not* file a petition for post-conviction relief under Rule 37.

On June 15, 2021, Mr. Fletcher initiated this federal habeas action pursuant to

§ 2254, asserting the following grounds for relief:

1. His sentence, enhanced for use of a firearm, violated the Double
   Jeopardy Clause of the Fifth Amendment because the State *nolle
   prossed* a separate charge for possession of a firearm by certain
   persons (*Doc. 1 at 4-5*), and

2. His trial counsel provided ineffective assistance of counsel by:
   a. failing to object to the admission of bullets found at
      his residence and failing to object to closing
      arguments about the bullets (*Id., at 5-10*);
   b. failing to subpoena witnesses to testify that he was
      an informant and had an alibi (*Id., at 10-17*);
   c. failing to investigate eyewitnesses to the shooting
      (*Id., at 17-29*);
   d. failing to investigate a detective who interviewed
      the children who witnessed the shooting and obtain
      recordings of the interviews (*Id., at 30-35*);
   e. failing to investigate and interview Lieutenant
      Hopson, the lead investigator in Ms. McElroy's
      murder case (*Id., at 35-40*);
   f. failing to object to testimony by Amanda Hale
      regarding her forensic investigation and a bullet
      fragment recovered from McElroy's purse (*Id., at
      40-43*);

g. failing to obtain a ruling after objecting to testimony by Scott Norton and ask Norton why he questioned minors without a parent present (*Id.*, *at 43-47*);

h. failing to object to testimony by John Buckhannan and point out inconsistencies in his testimony (*Id., at 47-56*);

i. failing to elicit certain testimony from Marquis Oliver (*Id.*, *at 56-59*);

j. failing to object to and impeach Tristan Harris's testimony (*Id.*, at 59-66);

k. failing to object to testimony by Christian Fletcher, conduct effective cross examination, and argue that the prosecution coached the witness (*Id., at 66-71*);

l. failing to object to and impeach testimony by Gavin Fletcher (*Id., at 71-78*);

m. failing to object to and impeach testimony by Dalyn McElroy (*Id., at 78-84*);

n. failing to object to testimony by medical examiner, Dr. Charles Kokes (*Id., at 85-87*);

o. failing to hold the State to its burden of proof (*Id.*, at 88-123);

p. failing to object to closing arguments (*Id., at 123-29*); and

q. failing to seek a continuance to prepare for the sentencing phase of trial and failing to object to the admission of prior criminal history evidence during the sentencing phase (*Id., at 129-31*).

In its response (*Doc. 10*), Respondent asserts three alternative grounds for dismissal: (1) the petition is time-barred because Mr. Fletcher failed to meet the one-year statute of limitations under 28 U.S.C. § 2244(d)(1); (2) all claims presented are procedurally defaulted because Mr. Fletcher failed to present them in state court, and the time for doing so has passed; and (3) the claims presented are without merit. Mr.

Fletcher has filed a reply (*Doc. 11*), and the issues presented are ready for disposition.

As explained below, because Mr. Fletcher's petition is barred by the applicable one-year statute of limitations, the Court recommends that the petition be dismissed, with prejudice.[2]

## II.    Discussion

### A.    Mr. Fletcher Filed His Federal Habeas Petition After the One-Year Limitations Period Expired.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of four alternative dates, and the applicable date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For purposes of determining when a "judgment became final" under § 2244(d)(1)(A), the Supreme Court has made clear that the statute includes two operative prongs—(1) "conclusion of direct review" or (2) "expiration of time for

---

[2]   Because all of Mr. Fletcher's claims are time-barred, the Court does not address Respondent's alternative arguments for dismissal.

seeking such review"—that apply to two distinct categories of petitioners. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). "For petitioners who pursue direct review all the way to [the United States Supreme Court] the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Id*. "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires. *Id*.

Mr. Fletcher falls into the second category of petitioners because he appealed his conviction to the Arkansas Supreme Court, but he did not pursue direct review all the way to the United States Supreme Court by filing a petition for a writ of certiorari. Thus, the AEDPA's limitation period began to run when Mr. Fletcher's time for filing a petition for a writ of certiorari expired, which occurred ninety days after the Arkansas Supreme Court issued its mandate affirming his conviction. *Jihad v. Hvass*, 267 F.3d 803, 804–05 (8th Cir. 2001) (noting that the time for seeking direct review of a state court conviction includes the ninety-day period in which a state court defendant may petition the United States Supreme Court for a writ of certiorari).

The Arkansas Supreme Court issued its mandate on October 9, 2018, and Mr. Fletcher had ninety days, until January 7, 2019, to petition for a writ of certiorari in

the United States Supreme Court, which he did not do. Thus, Mr. Fletcher's judgment of conviction became final on January 7, 2019, and he had one year, until January 7, 2020 to file his federal habeas petition, *subject to* any applicable period of statutory or equitable tolling.

**B.    Mr. Fletcher Is Not Entitled To Statutory Tolling.**

The AEDPA's limitation period is tolled "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Mr. Fletcher argues that he attempted to pursue post-conviction relief in state court by filing motions to extend the time for filing a Rule 37 petition and a motion for a transcript, but his "Rule 37" was denied. *Doc. 12, at 2*.

Mr. Fletcher never filed a petition for postconviction relief under rule 37. His motions filed in the trial court on November 28, 2018 and January 16, 2019 had no tolling effect. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.").

No basis exists for applying statutory tolling.

**C.    Mr. Fletcher Is Not Entitled To Equitable Tolling**.

The one-year limitation period for initiating a § 2254 habeas action may be equitably tolled if a petitioner can demonstrate that: (1) he has been "pursuing his

rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).  Importantly, "[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Mr. Fletcher does not argue that he is entitled to equitable tolling, and he offers no explanation for why he filed this habeas action more than one year after the AEDPA's one-year limitation period expired. After careful review of Mr. Fletcher's petition and reply, the Court finds no grounds to support equitable tolling.

### D.     Mr. Fletcher Presents No Evidence To Support His General Assertion Of Actual Innocence.

In *McQuiggan v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the AEDPA's time limitation for filing a federal habeas petition. However, the Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

9

have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Throughout his petition and reply, Mr. Fletcher generally asserts, without explanation, that he is actually innocent. However, he offers no evidence or cogent argument to support a gateway claim of actual innocence.

## III.   Conclusion

Mr. Fletcher filed his petition for habeas corpus in this case on June 15, 2021, more than one year *after* the one-year limitation period expired on January 7, 2020, and no factual or legal basis exists to excuse his late filing.

IT IS THEREFORE RECOMMENDED THAT:

1.      Petitioner Christopher Fletcher's § 2254 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

2.      A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[3]

Dated this 2nd day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] A certificate of appealability should be denied because Mr. Fletcher has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).